FEDERICO GARCÍA DÁVILA, Plaintiff and Appellant, *v.* BANCO POPULAR DE PUERTO RICO, Defendant and Appellee.

No. 4486. Argued March 21, 1928.—Decided July 9, 1929.

*O'Neill & O'Neill* for the appellant. *Damián Monserrat Jr.* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was taken by Federico García Dávila from a judgment dismissing his complaint.

He alleged in the lower court that by a notarial deed of December 31, 1924, he bought from Modesto G. Capiel for $3,000 his rights and interests in a contract with Ray P. Meaker and wife for the purchase from them of two properties which they owned in Pueblo Viejo, of Guaynabo, and that subsequently the Banco Popular de Economías y Prés-

tamos of San Juan seized those rights and interests as belonging to Modesto G. Capiel and at public auction they were sold to the said bank. He therefore prayed the court for judgment to the effect that the seizure and sale were void and that the bank should pay to him a certain sum of money as compensation for the damages caused him by the said seizure and sale.

The bank opposed those claims and after trial judgment was rendered against the plaintiff on the ground, among others, that the deed of sale to García Dávila by Modesto G. Capiel was executed in fraud of the creditors of the vendor because there was no consideration for the said sale. This holding is alleged to be erroneous in the second of the three assignments of error because the lower court had no reason for doubting the truth of the testimony of Modesto G. Capiel and Federico García Dávila.

In *Santini Fertilizer Co.* v. *Burgos,* 34 P.R.R. 830, in commenting on section 1264 of the Civil Code, according to which all contracts by virtue of which the debtor alienates property for a gratuitous consideration are presumed to be executed in fraud of creditors, in relation to article 40 of the Mortgage Law and a judgment of the Supreme Court of Spain, we held that it should be understood that no price or its equivalent figures in contracts when the notary does not certify to its payment, or if the debtors acknowledge that the payment had been made previously and this fact is not proved.

The appellant proved in the court below that some twenty days before the said deed of December 31, 1924, was executed he bought in a bank a draft for $1,800 and travelers' checks for $140 which he delivered to Capiel, and he and Capiel testified that that money was a part of the purchase price of $3,000, of which the balance was paid to Capiel in money.

The lower court did not believe the statements that the draft and the checks were given on account of the purchase price and that later the balance was paid in money, and there is no basis for the allegation of the appellant that the court

had no reason for doubting the truth of that testimony, for apart from the fact that the trial court had discretion to weigh the credibility of the witnesses, its conclusion is justified in this case by the attending circumstances showing that although the bank attached the rights and interests of Capiel in April of 1925, or three months after the alleged purchase and gave notice thereof to Federico García Dávila and others, yet he did not exercise his right as purchaser to have the attachment dissolved or prevent the sale, but brought this action a year after the public sale of the rights and interests of Capiel, and the latter, having sold to García Dávila. according to the deed of December 31, 1924, his right to purchase the two properties from the Meaker spouses, participated later in the purchase for $10,000 by his mother Eladia Castejón of the properties from the bank which as purchaser of the rights and interests of Capiel it had acquired from the Meaker spouses, although according to his sale to García Dávila the latter was the owner of the said rights and interests. Moreover, García Dávila denied at the trial that he had been given notice of the attachment by the bank and yet it was shown by documentary evidence that he had been so notified. The facts of this action show the wisdom of the cited article of the Mortgage Law and of our Civil Code providing as a general rule in section 1244 that although the consideration is not stated in the contract, it is presumed to exist and is licit, unless the debtor proves the contrary, yet establishes the exception contained in section 1264.

No consideration having passed in this contract, García Dávila has no right of action and, therefore, it is unnecessary to consider the other grounds of the appeal.

The judgment appealed from must be affirmed.